NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
ANALEA J. PATTERSON (STATE BAR NO. 229918)
apatterson@orrick.com
JOHN W. KILLEEN (STATE BAR NO. 258395)
jkilleen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, California  95814-4497
Telephone:      +1-916-447-9200
Facsimile:      +1-916-329-4900

Attorneys for Defendant
BALANCE BAR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY S. SETHAVANISH, a California resident on behalf of herself and all others similarly situated,<br><br>                   Plaintiff,<br><br>          v.<br><br>BALANCE BAR COMPANY, a  Delaware corporation,<br><br>                   Defendant. | Case No. 4:11-cv-04547-PJH<br><br>**DEFENDANT BALANCE BAR'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          January 11, 2012<br>Time:         9:00 a.m.<br>Courtroom:   3<br>Floor:          3rd<br>Judge:        Hon. Phyllis J. Hamilton<br>Action Filed:  September 13, 2011 |

1

# TABLE OF CONTENTS

2

**Page**

3

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

4

5

I.      INTRODUCTION ......................................................................................................... 1

6

7

II.     STATEMENT OF ISSUES TO BE DECIDED ......................................................... 1

8

III.     FACTUAL AND PROCEDURAL BACKGROUND ............................................... 1

9

10

IV.     LEGAL STANDARD ................................................................................................. 3

11

V.      ARGUMENT ............................................................................................................... 4

12

          A.      Plaintiff Has Not Pleaded Claims Regarding Advertising And Marketing With Sufficient Particularity To The Extent They Relate To Advertising Or Marketing Other Than The Actual Labels On Balance Bars ................................. 4

13

14

          B.      Plaintiff Has Not Pleaded Allegations Regarding Xantham Gum And Disodium Phosphate With Sufficient Particularity ........................................... 5

15

          C.      Plaintiff's CLRA Claims Should Be Dismissed For Failure To Submit The Statutorily Required Affidavit ....................................................................... 6

16

17

VI.     CONCLUSION ............................................................................................................ 6

18

19

20

21

22

23

24

25

26

27

28

-i-

1

## NOTICE OF MOTION AND MOTION

2

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

3

     PLEASE TAKE NOTICE that on January 11, 2012, at 9:00 a.m., or as soon thereafter as

4

the matter may be heard in the courtroom of the Honorable Phyllis Hamilton, United States

5

District Judge, Northern District of California, located at 1301 Clay Street, 3rd floor, Courtroom

6

3, Oakland, CA 94612-5212, Defendant Balance Bar, Inc., will move, and hereby does move, to

7

dismiss in part the complaint of Plaintiff Kimberly Sethavanish pursuant to Federal Rule of Civil

8

Procedure 12(b)(6) on the ground that the Complaint fails to state a claim upon which relief can

9

be granted.

10

     This Motion is based on this Notice of Motion and Motion and Balance Bar's supporting

11

Memorandum of Points and Authorities, as well as on other court records and files in this action.

12

13

Dated: November 4, 2011                 NORMAN C. HILE
                                   ANALEA J. PATTERSON

14

                                   JOHN W. KILLEEN
                                   Orrick, Herrington & Sutcliffe LLP

15

16

                           By: /s/ Norman C. Hile

17

                               NORMAN C. HILE
                               Attorneys for Defendant

18

                               BALANCE BAR COMPANY

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.   INTRODUCTION

3

Defendant Balance Bar, Inc. ("Balance Bar"), hereby moves to dismiss in part Plaintiff

4

Kimberly Sethavanish's complaint, filed September 13, 2011.  For the reasons articulated below,

5

Balance Bar requests that the Court:

6

(1) dismiss Plaintiff's first through seventh causes of action to the extent she relied upon

7

alleged advertising or marketing materials beyond actual Balance Bar labels.

8

(2) dismiss Plaintiff's first through seventh causes of action to the extent she relied on the

9

alleged presence of xantham gum or disodium phosphate in Balance Bars.

10

(3) dismiss Plaintiff's sixth cause of action for failure to comply with the Consumer Legal

11

Remedies Act's affidavit requirement.

12

### II.   STATEMENT OF ISSUES TO BE DECIDED

13

This motion raises the following issues:

14

15

1.    Can Plaintiff's unfair competition/false advertising causes of action based on advertising or marketing *beyond* the actual energy bar labels before the Court survive a motion to dismiss, where Plaintiff has not described with specificity any advertising that she viewed or heard?

16

17

18

2.    Can Plaintiff's causes of action based on the presence of certain ingredients in energy bars survive a motion to dismiss, where Plaintiff has not alleged the presence of these ingredients in any particular energy bar?

19

20

3.    Should the Court dismiss Plaintiff's claims under the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*, for failure to comply with the requirements of the statute?

21

### III.   FACTUAL AND PROCEDURAL BACKGROUND

22

This is one of a wave of lawsuits brought by Plaintiff's attorneys against various food

23

companies for labeling their products "all natural."  After prevailing on a motion to dismiss in a

24

similar case,[1] Plaintiff's attorneys recently launched a new round of "all natural" litigations,[2]

25

---

[1] *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 4:10-cv-04387-PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011).

26

[2] *See, e.g.*, *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. 3:11-cv-02910-EMC (N.D. Cal. 2011); *Sethavanish v. Kashi Co.*, No. 3:11-cv-02356-H-BGS (S.D. Cal. 2011); *Colucci v. ZonePerfect Nutrition Co.*, No. 3:11-cv-04561-EDL (N.D. Cal. 2011); *Thurston v. Bear Naked, Inc.*, No. 3:11-cv-04678 (N.D. Cal. 2011); *Larsen v. Nonni Foods, LLC*, No. 3:11-cv-04758 (N.D. Cal. 2011).

27

28

1   including this one.

2          The gravamen of Plaintiff's complaint is not that Balance Bar violated federal or state

3   labeling requirements or that it failed to disclose the presence or amount of a particular

4   ingredient.   Compl. ¶ 2; *see Ben & Jerry's*, 2011 WL 2111796, at *10.  Indeed, Plaintiff

5   concedes that Balance Bar discloses on its labels the presence of all the ingredients Plaintiff

6   identifies.  Compl. ¶ 20.  Rather, Plaintiff alleges that Balance Bar violated California's consumer

7   protection statutes and engaged in fraud by describing its energy bars as "all natural" while failing

8   to disclose that certain of the listed ingredients in some of its flavors were supposedly not

9   "natural."  Compl. ¶ 2; *Ben & Jerry's*, 2011 WL 2111796, at *10.

10         Specifically, Plaintiff claims that, between 2008 and 2011, she purchased every two weeks

11  one multi-bar package of Balance Bar energy bar products.  Compl. ¶ 6.  According to Plaintiff,

12  she relied on the "All Natural" label in purchasing these Balance Bars and paid more money for

13  Balance Bars than she would have had to pay for other products that were "not all natural in that

14  they contained synthetic or artificial ingredients."  *Id.*  Indeed, Plaintiff alleges that had she

15  known "the truth that Balance Bars were not all natural, she would not have purchased Balance

16  Bar's products, but would have purchased another brand of products that was truly all natural or,

17  if one was not available, would have either not purchased any energy bars at all or purchased

18  other non-natural products that were less expensive than Balance Bar's energy bars."  *Id.*

19  Plaintiff seeks to certify a nationwide class of consumers allegedly deceived by Balance Bar's

20  "false and misleading" labeling.  Compl. ¶¶ 23-24.[3]

21         What separates this case from the earlier "all natural" lawsuits filed by Plaintiff's

22  attorneys is that they have expanded their claims beyond alkalized cocoa, the only ingredient at

23  issue in the *Ben & Jerry's* case pending before this Court.  Plaintiff now alleges that not just

24  alkalized cocoa, but other ingredients—including ascorbic acid, glycerine, and sodium citrate—

25  are "synthetic" and must be identified as such if the product is to be labeled "All Natural."

26

27  [3] At the appropriate juncture, Balance Bar will demonstrate the inaccuracy of Plaintiff's cookie-cutter allegations, including Plaintiff's assertions about when Balance Bar allegedly began labeling its bars as "All Natural" and the extent of Balance Bar's contacts with California.

28

NOTICE OF MOTION AND MOTION TO DISMISS;
MEMO. OF P&AS IN SUPPORT THEREOF –
CV-11-04547-PJH

Plaintiff also threatens to add other ingredients to her blacklist at a later time.  Compl. ¶ 20 n.5.

Plaintiff clearly tailored her complaint to survive a motion to dismiss based on this Court's *Ben & Jerry's* decision.  Nevertheless, it contains deficiencies warranting dismissal in part.  For the reasons articulated below, the Court should dismiss in part Plaintiff's complaint for failure to state claims upon which relief can be granted.

## IV.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  Review is limited to the contents of the complaint.  *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  All allegations of material fact are taken as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  *See Ashcroft v. Iqbal*, 556 U.S. 662, —— – ——, 129 S. Ct. 1937, 1949–50 (2009).  A plaintiff's obligation to provide the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  *Id.*  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  *See id.* at 558–59.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 129 S. Ct. at 1950.

In actions alleging fraud, as well as claims of deceptive advertising brought under California's unfair competition and false advertising laws, "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009).  Unless a plaintiff can articulate the "who, what, when, where, and how of the misconduct charged," the motion to dismiss must be granted.  *Kearns*, 567

1    F.3d at 1124 (internal citations omitted).

2    **V.**    **ARGUMENT**

3       **A.**    **Plaintiff Has Not Pleaded Claims Regarding Advertising And Marketing
4                 With Sufficient Particularity To The Extent They Relate To Advertising Or
                  Marketing Other Than The Actual Labels On Balance Bars.**

5             To the extent Plaintiff claims that any "advertising" (e.g., television, radio or print

6    advertisements) beyond what appears on Balance Bar labels was misleading, the Court must

7    dismiss such claims for failure to plead with particularity.  It is not entirely clear if Plaintiff has

8    alleged the existence of such advertising or marketing beyond actual Balance Bar labels.  *See,*

9    *e.g.*, Fifth Cause of Action.  The Complaint hints at such allegations, but Plaintiff never

10   specifically alleges that she viewed or heard a purported misrepresentation other than when she

11   viewed the actual labels of the Balance Bars she allegedly purchased.  This lack of specificity

12   precludes Plaintiff from relying on any representation beyond the "All Natural" labels.  *See Von*

13   *Koenig v. Snapple Beverage Corp.*, No. 2:09-cv-00606-FCD-EFB, 2011 WL 43577 (E.D. Cal.

14   Jan. 6, 2011); *Ries v. Arizona Beverages USA LLC*, No. 5:10-cv-01139-JF, 2011 WL 3759937

15   (N.D. Cal. August 25, 2011); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009).

16            In *Von Koenig*, the plaintiffs sued Snapple for labeling its products "All Natural" despite

17   them containing high-fructose corn syrup.  *See Von Koenig*, 2011 WL 43577, at *1.  While

18   denying Snapple's motion to dismiss on most grounds, the court granted Snapple's motion to

19   dismiss (and a subsequent motion to dismiss) claims that were based on generalized allegations

20   regarding unspecified commercial advertisements and marketing, which were beyond the actual

21   labels before the court.  *Id.* at *2-3.

22            Similarly, in *Ries*, Judge Fogel dismissed plaintiffs' claims to the extent they were based

23   on advertising and promotional materials other than beverage labels.  *Ries*, 2011 WL 3759937, at

24   *2.  Judge Fogel found dispositive that the complaint failed to (1) identify any specific internet

25   advertising offering Arizona's beverages for sale; (2) identify any specific promotional materials

26   that falsely and deceptively advertised Arizona's beverages as "All Natural" or "100 % Natural;"

27   and (3) allege when and where the named plaintiffs were exposed to such materials.  *Id.* at *3.

28

1    Judge Fogel's logic applies with full force here.  To the extent Plaintiff's claims for

2  deceptive advertising are based on any advertising, promotional, or marketing materials beyond

3  actual Balance Bar labels, Plaintiff has not identified any specific advertising or promotional

4  materials that falsely and deceptively advertised Balance Bars as "All Natural," or when and

5  where Plaintiff was exposed to such materials.  As in *Von Koenig* and *Ries*, the Court should

6  dismiss Plaintiff's claims to the extent they rely on misrepresentations beyond actual Balance Bar

7  labels.

8         **B.    Plaintiff Has Not Pleaded Allegations Regarding Xantham Gum And**
               **Disodium Phosphate With Sufficient Particularity.**
9

10    Plaintiff cursorily alleges that Balance Bars contain disodium phosphate, Compl. ¶ 2, and

11  xantham gum, Compl. ¶¶ 1, 2, 16, 33, 34, 45.  Yet Plaintiff does not identify any Balance Bar that

12  contains either ingredient.  This omission is particularly striking since Plaintiff alleges she closely

13  reviewed the labels of 16 different bars, but did not find a single mention of either disodium

14  phosphate or xantham gum.  Compl. ¶ 21.  Nor has Plaintiff alleged that Balance Bar did not

15  disclose these ingredients at all.  On the contrary, Plaintiff repeatedly emphasizes that her claim is

16  not that Balance Bar failed to lists its ingredients, but that it failed to disclose that certain

17  ingredients were purportedly "synthetic."  *See, e.g.*, Compl. ¶ 2.  The inescapable conclusion is

18  that Plaintiff cannot point to the presence of these ingredients in Balance Bars because they are

19  not there.[4]

20    This failure to identify the "who, what, when, where, and how" of "the misconduct

21  charged" cannot satisfy the heightened pleading standard of Rule 9.  *Kearns v. Ford Motor Co.*,

22  567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted).  Such claims must be "disregarded or

23  stripped from the claim for failure to satisfy Rule 9(b)."  *Id.* (quotations omitted).  Accordingly,

24  this Court should dismiss the Complaint with respect to all causes of actions purportedly based on

25  the presence of disodium phosphate or xantham gum in Balance Bars.

26    / / /

27  _____

[4] In fact, though the Court need not decide this factual issue now, at this time Balance Bar does not believe that either ingredient was in the products at issue.

28

- 5 -

C.      **Plaintiff's CLRA Claims Should Be Dismissed For Failure To Submit The Statutorily Required Affidavit.**

The Court must dismiss Plaintiff's CLRA claims for failure to comply with California Civil Code section 1780(d), which requires that "concurrently with the filing of the complaint, the plaintiff shall file an affidavit stating facts showing that the action has been commenced in the county described in this section as a proper place for the trial of the action.  If the plaintiff fails to file the affidavit…the court shall…dismiss the action without prejudice."  Because Plaintiff has not filed the statutorily required affidavit, the Court must dismiss Plaintiff's CLRA claims.  *See id.*; *In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1094 (S.D. Cal. 2010).

VI.     **CONCLUSION**

For the foregoing reasons, Balance Bar respectfully requests that the Court:

(1) dismiss Plaintiff's first through seventh causes of action to the extent they rely upon advertising or marketing materials beyond actual Balance Bar labels.

(2) dismiss Plaintiff's first through seventh causes of action to the extent they rely on the alleged presence of xantham gum or disodium phosphate in Balance Bars.

(3) dismiss Plaintiff's sixth cause of action for failure to comply with the Consumer Legal Remedies Act's notice provisions.


Dated: November 4, 2011                        NORMAN C. HILE
                                               ANALEA J. PATTERSON
                                               JOHN W. KILLEEN
                                               Orrick, Herrington & Sutcliffe LLP


                                               By: /s/ Norman C. Hile
                                               _____
                                                     NORMAN C. HILE
                                                   Attorneys for Defendant
                                                  BALANCE BAR COMPANY

1   NORMAN C. HILE (STATE BAR NO. 57299)
    nhile@orrick.com
2   ANALEA J. PATTERSON (STATE BAR NO. 229918)
    apatterson@orrick.com
3   JOHN W. KILLEEN (STATE BAR NO. 258395)
    jkilleen@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    400 Capitol Mall
5   Suite 3000
    Sacramento, California  95814-4497
6   Telephone:      +1-916-447-9200
    Facsimile:      +1-916-329-4900
7
    Attorneys for Defendant
8   BALANCE BAR COMPANY

9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                      OAKLAND DIVISION

13

14   KIMBERLY S. SETHAVANISH, a California      Case No. 4:11-cv-04547-PJH
     resident on behalf of herself and all others
15   similarly situated,                        **[PROPOSED] ORDER GRANTING
                                                 DEFENDANT BALANCE BAR'S
16                 Plaintiff,                    MOTION TO DISMISS COMPLAINT**

17          v.                                   Date:         January 11, 2012
                                                 Time:         9:00 a.m.
18   BALANCE BAR COMPANY, a  Delaware            Courtroom:    3
     corporation,                                Floor:        3rd
19                                               Judge:        Hon. Phyllis J. Hamilton
                   Defendant.                    Action Filed: September 13, 2011
20

21

22

23

24

25

26

27

28

1   The motion of Defendant Balance Bar to dismiss in part Plaintiff Kimberly Sethavanish's

2   Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing

3   on January 11, 2012.  Counsel for both parties appeared.

4   Based on the supporting and opposing papers and the papers and records on file in this

5   action, Defendant's Motion to Dismiss in part Plaintiff's Complaint is GRANTED, with leave to

6   amend.

7

8   IT IS SO ORDERED.

9

10   Dated: January_____, 2012

11

12   _____
     The Honorable Phyllis J. Hamilton
     United States District Court Judge

13   Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28