NORMAN C. HILE (STATE BAR NO. 57299)
nhile@orrick.com
ANALEA J. PATTERSON (STATE BAR NO. 229918)
apatterson@orrick.com
JOHN W. KILLEEN (STATE BAR NO. 258395)
jkilleen@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall
Suite 3000
Sacramento, California  95814-4497
Telephone:    +1-916-447-9200
Facsimile:    +1-916-329-4900

Attorneys for Defendant
BALANCE BAR COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KIMBERLY S. SETHAVANISH, a California resident on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>BALANCE BAR COMPANY, a  Delaware corporation,<br><br>            Defendant. | Case No. 4:11-cv-04547-PJH<br><br>**DEFENDANT BALANCE BAR'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:           January 25, 2012<br>Time:           9:00 a.m.<br>Courtroom:   3<br>Floor:           3rd<br>Judge:          Hon. Phyllis J. Hamilton<br>Action Filed: September 13, 2011 |

# NOTICE OF MOTION AND MOTION

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Phyllis Hamilton, United States District Judge, Northern District of California, located at 1301 Clay Street, 3rd floor, Courtroom 3, Oakland, CA 94612-5212, Defendant Balance Bar, Inc., will move, and hereby does move, to dismiss in part the first amended complaint of Plaintiff Kimberly Sethavanish pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the first amended complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, Balance Bar's supporting Memorandum of Points and Authorities, and the Declaration of Norman C. Hile, as well as on other court records and files in this action.

Dated: December 2, 2011

NORMAN C. HILE
ANALEA J. PATTERSON
JOHN W. KILLEEN
Orrick, Herrington & Sutcliffe LLP


By: /s/ Norman C. Hile
NORMAN C. HILE
Attorneys for Defendant
BALANCE BAR COMPANY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Balance Bar, Inc. ("Balance Bar"), hereby moves to dismiss in part Plaintiff Kimberly Sethavanish's first amended complaint, filed November 18, 2011. For the reasons articulated below, Balance Bar requests that the Court dismiss with prejudice Plaintiff's sixth cause of action, to the extent it seeks damages, for failure to comply with the California Consumer Legal Remedies Act's notice requirement.

## II. STATEMENT OF ISSUES TO BE DECIDED

This motion raises the following issue:

1. Should the Court dismiss Plaintiff's claims for damages under the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* ("CLRA"), for failure to comply with the notice requirements of the statute?

## III. FACTUAL AND PROCEDURAL BACKGROUND

This is one of a wave of purported class action lawsuits brought by Plaintiff's attorneys against various food companies for labeling their products "all natural." After prevailing on a motion to dismiss in a similar case,[1] Plaintiff's attorneys recently launched a new round of "all natural" litigations,[2] including this one.

Plaintiff filed her original complaint on September 13, 2011. The gravamen of Plaintiff's original complaint was not that Balance Bar violated federal or state labeling requirements or that it failed to disclose the presence or amount of a particular ingredient. Compl. ¶ 2; *see Ben & Jerry's*, 2011 WL 2111796, at *10. Indeed, Plaintiff conceded that Balance Bar disclosed on its labels the presence of all the ingredients Plaintiff identified. Compl. ¶ 20. Rather, Plaintiff alleged that Balance Bar violated California's consumer protection statutes and engaged in fraud by describing its energy bars as "all natural" while failing to disclose that certain of the listed

---

[1] *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 4:10-cv-04387-PJH, 2011 WL 2111796 (N.D. Cal. May 26, 2011).

[2] *See, e.g.*, *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. 3:11-cv-02910-EMC (N.D. Cal. 2011); *Sethavanish v. Kashi Co.*, No. 3:11-cv-02356-H-BGS (S.D. Cal. 2011); *Colucci v. ZonePerfect Nutrition Co.*, No. 3:11-cv-04561-EDL (N.D. Cal. 2011); *Thurston v. Bear Naked, Inc.*, No. 3:11-cv-04678 (N.D. Cal. 2011); *Larsen v. Nonni Foods, LLC*, No. 3:11-cv-04758 (N.D. Cal. 2011).

ingredients in some of its flavors were supposedly not "natural."  Compl. ¶ 2; *Ben & Jerry's*, 2011 WL 2111796, at *10.

Specifically, Plaintiff claimed that, between 2008 and 2011, she purchased every two weeks one multi-bar package of Balance Bar energy bar products.  Compl. ¶ 6.  According to Plaintiff, she relied on the "All Natural" label in purchasing these Balance Bars and paid more money for Balance Bars than she would have had to pay for other products that were "not all natural in that they contained synthetic or artificial ingredients."  *Id.*  Indeed, Plaintiff alleged that had she known "the truth that Balance Bars were not all natural, she would not have purchased Balance Bar's products, but would have purchased another brand of products that was truly all natural or, if one was not available, would have either not purchased any energy bars at all or purchased other non-natural products that were less expensive than Balance Bar's energy bars."  *Id.*  Plaintiff sought to certify a nationwide class of consumers allegedly deceived by Balance Bar's "false and misleading" labeling.  Compl. ¶¶ 23-24.[3]

What separates this case from the earlier "all natural" lawsuits filed by Plaintiff's attorneys is that they have expanded their claims beyond alkalized cocoa, the only ingredient at issue in the *Ben & Jerry's* case pending before this Court.  Thus, in her original complaint, Plaintiff alleged that not just alkalized cocoa, but other ingredients—including ascorbic acid, glycerine, and sodium citrate—were "synthetic" and must be identified as such if the product is to be labeled "All Natural."  Plaintiff also threatened to add other ingredients to her blacklist at a later time.  Compl. ¶ 20 n.5.

On November 4, Balance Bar filed a motion to dismiss in part Plaintiff's original complaint.  The motion articulated three specific defects in the original complaint: (1) Plaintiff's failure to allege with specificity the existence of any advertising or marketing materials beyond actual Balance Bar labels; (2) Plaintiff's identification of specific ingredients which were not even present in Balance Bars; and (3) Plaintiff's failure to comply with the CLRA's affidavit

---

[3] At the appropriate juncture, Balance Bar will demonstrate the inaccuracy of Plaintiff's cookie-cutter allegations, including Plaintiff's assertions about when Balance Bar allegedly began labeling its bars as "All Natural" and the extent of Balance Bar's contacts with California.

- 2 -

requirements.

To remedy these shortcomings, Plaintiff did not oppose Balance Bar's motion, but instead filed her first amended complaint on November 18, 2011.  In apparent response to Balance Bar's motion to dismiss, Plaintiff's first amended complaint (1) expressly disclaimed reliance on any "separate television, radio, print, internet or other media advertising apart from the Energy Bars' labels and packaging," First Amended Complaint ("FAC"), ¶ 2 n.3; (2) removed from its allegations the ingredients not actually in Balance Bars while substituting more purportedly non-"natural" ingredients, FAC, ¶¶ 25-28; and (3) was accompanied by a CLRA affidavit.

Plaintiff also narrowed the class period so that it now began on December 1, 2009 rather than on September 13, 2007.  FAC, ¶ 1.  Finally, Plaintiff attempted to add a claim for damages under the CLRA, where before she expressly sought only injunctive relief under the CLRA. *Compare* Compl. ¶¶ 71-72 *with* FAC ¶¶ 77-78.

Plaintiff clearly tailored her first amended complaint to survive a motion to dismiss based on this Court's *Ben & Jerry's* decision and based on the shortcomings Balance Bar pointed out in its motion to dismiss.  Nevertheless, the first amended complaint still contains deficiencies warranting dismissal in part.  For the reasons articulated below, the Court should dismiss in part Plaintiff's complaint for failure to state claims upon which relief can be granted.

IV.     **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003); Fed. R. Civ. P. 8(a)(2).  Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995).  All allegations of material fact are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Legally conclusory statements, however, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, —— – ——, 129 S. Ct. 1937, 1949–50 (2009).  A plaintiff's obligation to provide the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558–59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950.

In actions alleging fraud, as well as claims of deceptive advertising brought under California's unfair competition and false advertising laws, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125-26 (9th Cir. 2009). Unless a plaintiff can articulate the "who, what, when, where, and how of the misconduct charged," the motion to dismiss must be granted. *Kearns*, 567 F.3d at 1124 (internal citations omitted).

## V.  ARGUMENT

### A.  Plaintiff's CLRA Cause Of Action Should Be Dismissed To The Extent It Seeks Damages.

The Court should dismiss Plaintiff's CLRA cause of action to the extent it seeks damages.[4]

Under Civil Code section 1782(a), a consumer must give notice at least thirty days before commencing an action for damages under the CLRA, although under section 1782(d) a consumer may bring an action for *injunctive* relief without giving notice. Cal. Civ. Code § 1782; *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007). This requirement "scrupulously prohibits any action for damages unless its notice provisions are met." *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005). Though not jurisdictional, compliance with this requirement is necessary to state a claim. *Cattie*, 504 F. Supp. 2d at 949.

The 30-day notice must notify the person alleged to have committed acts prohibited by the

---

[4] At this time, Balance Bar is not seeking to dismiss Plaintiff's CLRA cause of action to the extent it seeks only injunctive relief.

1  CLRA of the "particular alleged violations of [Civil Code] Section 1770" and demand that the
2  person correct the goods or services alleged to be in violation of Civil Code section 1770.  Cal.
3  Civ. Code § 1782(a).

4      Because Plaintiff's CLRA notice insufficiently described the "particular alleged
5  violations" of which Plaintiff now accuses Balance Bar, the Court should dismiss Plaintiff's sixth
6  cause of action to the extent it seeks damages.

### 1. Plaintiff's CLRA Notice Failed to Describe With Sufficient Particularity the Alleged CLRA Violations.

9      To recover damages under the CLRA, a plaintiff must alert the defendant of the
10  "particular alleged violations" so that the defendant has the opportunity to correct the purported
11  defects.  Cal. Civ. Code § 1782(a)(1); *see, e.g.*, *Bruce v. Harley-Davidson, Inc.*, No. CV 09-6588
12  CAS, 2010 WL 3521775, *7 (C.D. Cal. Jan. 15, 2010).  In *Bruce*, therefore, the district court
13  found the notice letter defective where it alerted the defendant of some violations of the CLRA
14  but not others.  *Id.* ("[A]lthough plaintiffs' demand letters specifically mention the alleged
15  violations of sections 1770(a)(5), (7), and (9), the letters make no mention of the Class Vehicles'
16  express warranty…or reference subsection (a)(19).").

17      Plaintiff's notice letter to Balance Bar fell woefully short in this regard.  Plaintiff's initial
18  notice letter, dated August 30, 2011, identified only one purportedly synthetic ingredient—
19  alkalized cocoa.  *See* Declaration of Norman C. Hile, Ex. A.  It gave Balance Bar until October 4
20  to respond.  However, Plaintiff filed her original complaint on September 13—16 days *before*
21  Balance Bar was required to respond under the CLRA.  Though prepared only days after the
22  letter, the complaint mentioned six ingredients—five more than Plaintiff put Balance Bar on
23  notice of in her August 30 letter.  Compl. ¶¶ 2, 12-16.  The complaint also raised subsections of
24  the CLRA that Plaintiff failed to mention in her notice letter.  Compl. ¶ 70.  Plaintiff subsequently
25  filed an amended complaint on November 18, in which she added new ingredients, dropped other
26  ones, and modified the class period (all of which would have affected Balance Bar's settlement
27  calculations).

Even had Balance Bar desired to alter its label to disclose the allegedly synthetic nature of its cocoa, it still would have faced a lawsuit alleging that the presence of not one but at least eight (more if variants are counted) ingredients that rendered its "all natural" labels purportedly misleading.  FAC, ¶¶ 13-21.  And had it taken action to "remove the phrase 'all natural' from every Balance Bar containing alkalized cocoa" the day it received the notice letter,[5] as Plaintiff demanded, *see* Hile Decl., Ex. A, it would still have faced exposure to potential liability under the CLRA for all bars not containing alkalized cocoa.  *See, e.g.*, FAC, ¶ 26(g) (Balance Bar Peanut Butter).

Undoubtedly Plaintiff's attorneys filed their complaint as soon as possible to stake another claim in what they perceive as the "all natural" gold rush occurring in California courts.[6]  But allowing Plaintiff to head one way in her notice letter, change course in her original complaint, and then take a third way in her first amended complaint by adding eight more potential bases for liability is directly contrary to the purpose of the CLRA, which is to "provide and facilitate pre-complaint settlements of consumer actions wherever possible and to establish a limited period during which such settlement may be accomplished."  *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975); *see also Util. Consumers Action Network v. Sprint Solutions, Inc.*, No. C07-CV-2231-W, 2008 WL 1946859, *6 (S.D. Cal. April 25, 2008) ("The prefiling notice serves to *avoid* litigation, not to put additional pressure on a defendant during the course of litigation.").

Balance Bar has been presented with a moving target; it could not possibly have resolved all of Plaintiff's shifting claims in a global settlement, and therefore cannot now be penalized for not doing so within 30 days of Plaintiff's defective notice letter.  Because "the notice provision

---

[5] Though the Court need not decide the issue at this pleadings stage, Balance Bar will contend that it corrected the alleged CLRA violations as best it could within 30 days of receiving Plaintiff's 30-day notice letter.

[6] In addition to those cases identified in footnotes 1 and 2, see also *Bates v. Kashi*, No. 3:11-cv-01967-H-BGS (S.D. Cal. August 24, 2011); *Diaz v. Kashi*, No. 3:11-cv-02256-H-BGS (S.D. Cal. Sept. 28, 2011); *Chatham v. Kashi*, No. 3:11-cv-02285-H-BGS (S.D. Cal. Oct. 3, 2011); *Baisinger v. Kashi*, No. 3:11-cv-02367-H-BGS (S.D. Cal. October 12, 2011); *Espinola v. Kashi*, No. 3:11-cv-02629-L-WVG (S.D. Cal. November 10, 2011); *Ries v. Hornell Brewing Co.*, No. 3:10-cv-1139-RS (March 17, 2010); *Pappas v. Naked Juice Co.*, No. 11-8276-MMM (C.D. Cal. October 5, 2011); *Marchewka v. Naked Juice Co.*, No. 11-1701 (C.D. Cal. November 7, 2011).

exists to give an erring defendant an opportunity to avoid liability for damages" and therefore "must be literally complied with," *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1023 (9th Cir. 2011), the Court must dismiss the sixth cause of action to the extent it seeks damages.

### B. This Dismissal Of Plaintiff's CLRA Cause Of Action To The Extent It Seeks Damages Should Be With Prejudice.

Failure to give notice before seeking damages necessitates dismissal with prejudice. *Cattie*, 504 F. Supp. 2d at 950; *Laster*, 407 F. Supp. 2d at 1195-96. Accordingly, the Court should dismiss with prejudice Plaintiff's sixth cause of action to extent it seeks damages.

## VI. CONCLUSION

For the foregoing reasons, Balance Bar respectfully requests that the Court dismiss Plaintiff's sixth cause of action for failure to comply with the Consumer Legal Remedies Act's notice provisions, to the extent Plaintiff seeks damages at this time.

Dated: December 2, 2011

NORMAN C. HILE
ANALEA J. PATTERSON
JOHN W. KILLEEN
Orrick, Herrington & Sutcliffe LLP

By: /s/ Norman C. Hile
NORMAN C. HILE
Attorneys for Defendant
BALANCE BAR COMPANY

1  NORMAN C. HILE (STATE BAR NO. 57299)
   nhile@orrick.com
2  ANALEA J. PATTERSON (STATE BAR NO. 229918)
   apatterson@orrick.com
3  JOHN W. KILLEEN (STATE BAR NO. 258395)
   jkilleen@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   400 Capitol Mall
5  Suite 3000
   Sacramento, California  95814-4497
6  Telephone:     +1-916-447-9200
   Facsimile:      +1-916-329-4900
7
   Attorneys for Defendant
8  BALANCE BAR COMPANY

9

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                          OAKLAND DIVISION

13

14 | KIMBERLY S. SETHAVANISH, a California resident on behalf of herself and all others similarly situated, | Case No. 4:11-cv-04547-PJH |
|---|---|
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT BALANCE BAR'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| v. | |
| BALANCE BAR COMPANY, a Delaware corporation, | Date:          January 25, 2012<br>Time:          9:00 a.m.<br>Courtroom:  3<br>Floor:          3rd<br>Judge:         Hon. Phyllis J. Hamilton<br>Action Filed: September 13, 2011 |
| Defendant. | |

1  The motion of Defendant Balance Bar to dismiss in part Plaintiff Kimberly Sethavanish's First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing on January 25, 2012.  Counsel for both parties appeared.

Based on the supporting and opposing papers and the papers and records on file in this action, Defendant's Motion to Dismiss in part Plaintiff's First Amended Complaint is GRANTED.  Plaintiff's sixth cause of action is dismissed with prejudice to the extent it seeks damages rather than injunctive relief.

IT IS SO ORDERED.

Dated: January____, 2012

_____
The Honorable Phyllis J. Hamilton
United States District Court Judge
Northern District of California