Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, California 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (*pro hac* to be filed)
Maureen Davidson-Welling (*pro hac* to be filed)
Wyatt A. Lison (*pro hac* to be filed)
**STEMBER FEINSTEIN DOYLE & PAYNE LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email:jkravec@stemberfeinstein.com
Emal:mdavidsonwelling@stemberfeinstein.com
Email: wlison@stemberfeinstein.com

*ATTORNEYS FOR PLAINTIFF*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **KIMBERLY S. SETHAVANISH, a California resident on behalf of herself and all others similarly situated,**<br><br>      **Plaintiff,**<br><br>    v.<br><br>**BALANCE BAR COMPANY, a Delaware corporation,**<br><br>      **Defendant.** | **CASE NO.: 4:11-cv-04547-PJH**<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATION AND NOTICE OF DISMISSAL** |

Pursuant to Federal Rule of Civil Procedure, Rule 41(a)(1)(A)(ii) Kimberly S. Sethavanish ("Plaintiff") and Balance Bar Company ("Defendant") file the foregoing stipulation and notice of dismissal of Plaintiff's action, which is effective upon filing and does not require the Court's approval.  *See* Fed. R. Civ. P. 41(a)(1)(A)(ii); *see also, Garber v. Chicago Mercantile Exch.*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (action terminated upon filing of stipulation for dismissal without execution of unnecessary proposed order).  Despite the automatic nature of this dismissal, it is also appropriate because of a combination of the following: (1) Defendant changed its packaging after the filing of this lawsuit to remove the challenged "All Natural" claim from each of the products at issue in this action and no longer sells any energy bar products containing any of the ingredients identified in Plaintiff's Second Amended Complaint using the term "All Natural," mooting Plaintiff's requested injunctive relief; (2) the Ninth Circuit decision in *Mazza v. American Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012)(en banc review denied March 16, 2012) makes certification of a nationwide class action under certain state law claims more difficult and costly; and (3) sales data produced by Defendant shows the likelihood that less than one-third of the products sold could ultimately be part of any certified class.

The confluence of these circumstances make it likely that the damages Plaintiff might be able to obtain on behalf of herself and any certified class would ultimately be less than the $5 million, the jurisdictional minimum required to maintain an action in federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).  Therefore, rather than expend the resources of the parties and this Court when one of the primary objectives of this case has been satisfied and the remaining potential damage claim is unlikely to meet the minimum jurisdictional requirement, Plaintiff has decided at this early stage of the proceedings to voluntarily dismiss her claims with prejudice and has entered a stipulation with Defendant for the purpose of accomplishing that dismissal.

Dated: November 20, 2012                                        BRAUN LAW GROUP, P.C.

                                                                By:_____/s/_____
                                                                         Michael D. Braun

                                                                Attorneys for Plaintiff
                                                                KIMBERLY S. SETHAVANISH

1  Dated: November 20, 2012                                   ORRICK, HERRINGTON & SUTCLIFFE LLP

2                                                             By:_____/s/_____
3                                                                        Norman C. Hile

4                                                             Attorneys for Defendant
                                                              BALANCE BAR COMPANY